UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ABRAHAM YAACOV,** | ) | **CASE NO. 1:08CV507** |
| | ) | |
| Petitioner, | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **STUART HUDSON,** | ) | |
| | ) | |
| Respondent. | ) | |

This action is before the Court upon the Memorandum and Order of Magistrate Judge Kenneth S. McHargh. (Doc. No. 12.) Petitioner Abraham Yaacov ("Yaacov") has filed an objection to the report. (Doc. No. 16.)[1] For the following reasons, Yaacov's objections are **OVERRULED**, and his motion for stay and abeyance is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

In 2004, Yaacov was charged with 42 counts of rape, 40 counts of gross sexual imposition, 42 counts of sexual battery, and one count of tampering with evidence, all with respect to the molestation of his minor daughter. *Ohio v. Yaacov*, 2006 WL 2902794, at *1 (Ohio Ct. App. Oct. 12, 2006). At trial, a jury convicted him of all counts except one count of rape and one count of sexual battery. *Id.* Yaacov was sentenced to an aggregate term of 38 years and was designated a sexual predator. *Id.*

On February 27, 2006, Yaacov filed a timely direct appeal from his conviction, raising the following six assignments of error:

---

[1] Rule 72(a) provides that "[a] party may serve and file objections to [a magistrate judge's] order within 10 days after being served with a copy." Fed. R. Civ. P. 72(a). Magistrate Judge McHargh issued his order on July 9, 2008, and Petitioner was served with a copy by regular U.S. Mail on that same day. Petitioner filed his objections on August 20, 2008, well after the 10-day period prescribed in the rule; thus, the objection are untimely. Nonetheless, the Court will consider the objections.

> (1) The appellant was denied his federal and state due process rights to notice as the offenses were not charged with sufficient specificity.
>
> (2) The appellant received ineffective assistance of counsel.
>
> (3) The evidence was insufficient to support the defendants [sic] convictions.
>
> (4) The convictions were against the manifest weight of the evidence.
>
> (5) The evidence was insufficient as a matter of law to prove by clear and convincing evidence appellant is likely to engage in the future in one or more sexually oriented offenses.
>
> (6) The trial court erred by sentencing the appellant to consecutive terms of incarceration.

(Doc. No. 9, Ex. 6 at 1.) By leave of court, Yaacov also filed two supplemental assignments of error:

> (1) Appellant's trial counsel's performance fell below the objective standard of reasonableness where counsel failed to file affidavit of indigency prior to sentencing to support appellant's status as an indigent, resulting in the Court's imposition of fines and costs in excess of $19,000.00.
>
> (2) The trial court erred by imposing fines and costs on the indigent appellant without determining whether appellant's financial status had changed.

(Doc. No. 9, Ex. 7 at 2-7.) The Ohio court of appeals affirmed Yaacov's conviction, but remanded the case to the trial court for resentencing based on Yaacov's sixth assignment of error. *See Ohio v. Yaacov*, 2006 Ohio App. LEXIS 5313 (Ohio Ct. App. Oct. 12, 2006).

Yaacov appealed the Ohio Court of Appeals' decision to the Ohio Supreme Court on December 4, 2006, asserting five propositions of law:

> (1) Appellant was denied his federal and state due process rights to notice as the offenses were not charged with sufficient specificity.
>
> (2) Where trial counsel's performance falls below an objective standard of reasonableness and the deficient performance prejudiced Appellant to receiving a fair trial, Appellant is deprived of his constitutional right to the effective assistance of counsel.
>
> (3) The evidence was insufficient to support convictions for rape, gross sexual imposition and sexual battery.

>   (4) The convictions were against the manifest weight of the evidence.
>
>   (5) The evidence was insufficient as a matter of law to prove by clear and convincing evidence Appellant is likely to engage in the future in one or more sexually oriented offenses.

(Doc. No. 9, Ex. 10 at i-ii.) On February 28, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving a substantial constitutional question. *Ohio v. Yaacov*, 862 N.E.2d 119 (Ohio 2007).

On May 14, 2007, on remand, Yaacov was sentenced to an aggregate term of 36 years. He appealed his resentencing on October 12, 2007, offering two assignments of error:

>   (1) Appellant's sentence is contrary to law and violative of due process because the trial court failed to consider whether the sentence was consistent with the sentences imposed for similar crimes committed by similar offenders.
>
>   (2) Appellant was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework.

(Doc. No. 9, Ex. 17 at 4.) The Ohio court of appeals affirmed his resentencing on June 2, 2008. *Ohio v. Yaacov*, 2008 WL 2252524 (Ohio Ct. App. June 2, 2008).

On February 10, 2006, Yaacov filed a petition for post-conviction relief in state court based on the following grounds:

>   (1) When a material state witness, or material evidence is impeached by evidence of actual innocence, due process demands that the court orders a new trial.
>
>   (2) Where counsel fails to use material witnesses and pertinent documents available to counsel to support alibi defense [sic], permitting the State's case to go unchallenged, petitioner is deprived of his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the U.S. Constitution and Section I, Article 10 of the Ohio Constitution.

(Doc. No. 9, Ex. 12 at 3-10.) The Ohio court of common pleas denied his petition on March 2, 2006. (Doc. No. 9, Ex. 14.)

Yaacov then filed a petition for writ of habeas corpus on February 28, 2008, asserting four claims for relief. (Doc. No. 1.) The grounds were:

> (1) Petitioner was denied his federal and state due process rights to notice as the offenses were not charged with sufficient specificity.
>
> (2) Petitioner was deprived of his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United State Constitution.
>
> (3) The evidence was insufficient to support convictions for rape, gross sexual imposition, and sexual battery.
>
> (4) The evidence was insufficient as a matter of law to prove by clear and convincing evidence petitioner is likely to engage in the future in one or more sexually oriented offenses.

(Doc. No. 1, at 18-19.) He also filed a motion on June 4, 2008 to hold his petition in abeyance, pending the exhaustion of state remedies. (Doc. No. 8.) Yaacov claimed in his petition that the court of common pleas had not yet entered judgment on his February 2006 petition for post-conviction relief. (Doc. No. 8, at 2.) Additionally, Yaacov argues that he still had until July 17, 2008 to appeal the Ohio Court of Appeals' affirmance of his resentencing. (*Id.*) Magistrate Judge McHargh denied Yaacov's motion to stay in abeyance on July 9, 2008 (Doc. No. 12.), and Yaacov filed an Objection on August 20, 2008 (Doc. No. 16.). The issue is now ripe for this Court's review.

## II. LAW AND ANALYSIS

The stay and abeyance procedure is used where "a petitioner comes to federal court with a mixed petition [of exhausted and unexhausted claims] [. . . and] a dismissal of his mixed petition could result in the loss of all his claims—including those already exhausted—because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims." *Pliler v. Ford*, 542 U.S. 225, 230 (2004). The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "does not deprive district courts of" the

power to issue a stay and abeyance order, "but it does circumscribe their discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). In those circumstances where a stay and abeyance order is appropriate, the district court should dismiss unexhausted claims from the original habeas petition; stay the remaining, exhausted claims pending exhaustion of the dismissed claims in state court; and after the dismissed claims are exhausted, amend the original petition to add the newly exhausted claims. *Pliler*, 542 U.S. at 230-31.

Here, the Magistrate Judge concluded that a stay and abeyance order is inappropriate because Yaacov's petition contains only exhausted claims. (Magistrate Judge Order, Doc. No. 12, at 8-9.) This Court agrees. Each of Yaacov's four claims for relief in his habeas petition were exhausted during direct review by the Ohio court of appeals and the Ohio Supreme Court. *See Ohio v. Yaacov*, 2006 Ohio App. LEXIS 5313 (Ohio Ct. App. Oct. 12, 2006); *Ohio v. Yaacov*, 862 N.E.2d 119 (Ohio 2007). Accordingly, none of Yaacov's claims are unexhausted.[2] Since a stay and abeyance procedure is only appropriate where the habeas petition contains both exhausted and unexhausted claims, *Pliler*, 542 U.S. at 230, this Court does not have the authority to grant a stay and abeyance.

### III. CONCLUSION

Accordingly, this Court **ACCEPTS** the Memorandum and Order of the Magistrate Judge, and Yaacov's motion for stay and abeyance is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 19, 2008

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**

---

[2] It is certainly true that Yaacov has not exhausted the claims he offered on state post-conviction relief. However, he raised neither of those claims in his federal habeas petition, and thus his failure to exhaust those remedies to date is not relevant.