UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ABRAHAM YAACOV** | ) | **CASE NO. 1:08-CV-0507** |
| | ) | |
| Petitioner, | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **STUART HUDSON,** | ) | |
| **Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Kenneth S. McHargh (Doc. No. 35). Petitioner Abraham Yaacov has filed an objection to the R&R. (Doc. No. 38.) Having reviewed *de novo* those portions of the R&R which have been properly objected to, *see* FED. R. CIV. P. 72(b)(3), for the reasons set forth below, the R&R is **ACCEPTED** and this petition is **DISMISSED**.

**I.     FACTUAL AND PROCEDURAL HISTORY**

The facts that form the basis of Yaacov's conviction and incarceration are set forth in *State v. Yaacov*, No. 86674, 2006 Ohio 5321 (Ohio App. 8th Dist. Oct. 12, 2006):

> In 2004, Yaacov was charged with forty-two counts of rape, forty counts of gross sexual imposition ("GSI"), forty-two counts of sexual battery, and one count of tampering with evidence, all related to the molestation of his minor daughter, "Y.C."[1] The matter proceeded to trial before a jury. The jury convicted Yaacov of all counts except one count of rape and one count of sexual battery, which had been previously dismissed by the trial court.
>
> Yaacov was sentenced to an aggregate term of 38 years and designated a sexual predator.
>
> The following facts were adduced at trial.

---

[1] Yaacov's wife and co-defendant, Mesha Yaacov, was convicted of tampering with evidence. Her conviction was recently affirmed by [the Ohio Eighth District Court of Appeals]. State v. Yaacov, Cuyahoga App. No. 86687, 2006 Ohio 2884.

Y.C. was born in Israel in 1986. Her mother and father, both American citizens, were living in Israel as part of group known as the Black Hebrew Israelites' Nation of Jerusalem. Yaacov was deported from Israel in 1986. In 2001, Y.C. and her sister, "E.C.," moved to the United States to live with Yaacov and his wife, Mesha, in Warrensville Heights.

A few days after moving in with their father, Yaacov physically "examined" both girls to determine that they were virgins. A few weeks later, he began molesting Y.C. The molestation took place at his home in Warrensville Heights, in his trucks, the family van, and at their new house in Bedford. The molestation lasted for three years and included digital penetration, oral sex, touching and oral stimulation of Y.C.'s genital area, and masturbation. Y.C. testified that the molestation occurred frequently throughout those years.

In January 2004, following an argument with Yaacov, Y.C. told her father that she was going to tell Mesha about the abuse. Yaacov reportedly told her to "go ahead," so Y.C. told Mesha that Yaacov was molesting her. Mesha questioned whether this was the right time to report this abuse and expressed concern over who would pay the bills and take care of the family if her father went to jail. That evening, Y.C. also told her younger sister, E.C., about the abuse. Y.C. left the house and spent the night with a friend. The next day at school, Y.C. reported the abuse to a high school staff member.

A social worker from the Cuyahoga County Department of Children and Family Services came to Y.C.'s school and took temporary emergency custody of Y.C. and E.C. The social worker then went to the Yaacov home, where Mesha told the social worker that Y.C. had reported the abuse to her, but she did not believe her stepdaughter. When the social worker arrived at the house, she observed that all of Y.C.'s belongings had been packed in garbage bags.

Bedford police obtained search warrants for the Yaacov home and trucks. The police noted that Y.C.'s room had been cleared out and her bed stripped. Police confiscated three garbage bags containing Y.C.'s clothes, and a suitcase in the kitchen that contained her bedsheets. The police found a handwritten note from Mesha to Yaacov, in which she wrote that she had washed all the clothing in Y.C.'s room and had removed all the family's personal papers.

The police found bedding in Yaacov's truck and sent much of Y.C.'s clothing and bedding to the Ohio Bureau of Criminal Identification ("BCI") for testing. BCI found Yaacov's sperm on the bedding found in his truck.

During her interview with police, Y.C. told the detective that she kept a diary in which she detailed her father's abuse. Although she left the diary in her dresser drawer the night she disclosed the abuse to Mesha and her sister, police were

>unable to locate Y.C.'s diary the next day during execution of the search warrant. Although Yaacov testified that he never saw or removed the diary, he admitted that he had cleared out Y.C.'s room the day after she left. He also denied ever touching Y.C. in an inappropriate manner.

*Id.*

Yaacov objects only to the portion of the Magistrate Judge's R&R recommending dismissal of his first ground for relief as procedurally defaulted and the portion addressing the state appellate court's ruling regarding the sufficiency of the evidence to support his convictions and the effectiveness of his trial counsel. Therefore, the remainder of the R&R, including the factual account set forth above, is accepted as incorporated and reproduced in the R&R.

Yaacov appealed his convictions to the Ohio Eighth District Court of Appeals, which, on October 12, 2006, affirmed Yaacov's convictions but remanded the case to the trial court for resentencing. *State v. Yaacov*, No. 86674, 2006 Ohio 5321 (Ohio App. 8th Dist. Oct. 12, 2006). Yaacov sought leave to appeal to the Ohio Supreme Court, which denied his application on February 28, 2007, as not involving any substantial constitutional question. *State v. Yaacov*, 112 Ohio St. 3d 1494 (2007) (appeal not accepted for review). Pursuant to the state appellate court's remand, Yaacov was resentenced on May 14, 2007 to an aggregate term of thirty-six years. Yaacov appealed his resentencing to the Ohio Eighth District Court of Appeals, which, on June 2, 2008, affirmed his resentencing. *State v. Yaacov*, No. 88980, 2008 Ohio 2659 (Ohio App. 8th Dist. May 22, 2008). Yaacov also pursued post-conviction relief from the trial court under OHIO REV. CODE ANN. 2953.21. His petition was denied on March 2, 2006.

On February 28, 2008, Yaacov filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, presenting the following four grounds for relief:

>1) Petitioner was denied his federal and state Due Process rights to notice as the offenses were not charged with sufficient specificity.

3

> 2) Petitioner was deprived of his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.
>
> 3) The evidence was insufficient to support convictions for rape, gross sexual imposition, and sexual battery.
>
> 4) The evidence was insufficient as a matter of law to prove by clear and convincing evidence petitioner is likely to engage in the future in one or more sexually oriented offenses.

(Doc. No. 1.) Respondent Warden Stuart Hudson filed a return of writ on June 10, 2008. (Doc. No. 9.) On January 26, 2009, Yaacov filed a traverse to the return of writ.[2] Magistrate Judge McHargh issued his R&R on October 7, 2009. (Doc. No. 35.) After Yaacov was granted (yet another) extension of time to file objections (Doc. No. 37), Yaacov filed his objection on January 4, 2010. (Doc. No. 38.) Against this backdrop, this matter is ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

With respect to challenges to the determinations made by the appellate state courts in Petitioner's case, this Court has a very limited scope of review. In § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996, Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court

---

[2] Between June 2008 and January 2009, Yaacov filed a plethora of motions to hold this case in abeyance (Doc. Nos. 8, 13), for extensions time to file objections and to traverse (Doc. Nos. 14, 18, 21, 29), to amend his petition (Doc. No. 27), and to expand the record. (Doc. No. 26) The Magistrate Judge's careful consideration and disposition of these matters are set forth on the docket and need not be discussed in detail here.

4

may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Where a ruling in state court is "on the merits," this Court must give deference to the state court. *McKenzie v. Smith*, 326 F.3d 721, 726 (6th Cir. 2003).

The Court has reviewed the R&R *de novo*, as well as the briefs and supporting material submitted by the parties, and the objections to the Report raised by Petitioner.

### III.   LAW AND ANALYSIS

Although the Court typically addresses a petitioner's objections to a report and recommendation in the order they are presented, the facts and circumstances of Yaacov's claims are more properly addressed in a different order.

A.   **Ground Three – Sufficiency of the Evidence**

"Where the sufficiency of the evidence is properly before us, we consider that issue first because it is determinative of whether the appellant may be retried." *United States v. Aarons*, 718 F.2d 188, 189 (6th Cir. 1983). Accordingly, the Court first turns to Yaacov's third asserted ground for relief: "[t]he evidence was insufficient to support convictions for rape, gross sexual imposition, and sexual battery." (Doc. No. 1.) The Magistrate Judge recommended that this ground be denied, and Yaacov objected, stating that "other than the accuser's allegations that Petitioner assaulted her for thirty-three months, there is absolutely no other competent credible independent evidence to support her allegations." (Doc. No. 38 at p. 10.) The Court disagrees with Yaacov's contention.

"A conviction is supported by sufficient evidence if, when 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). In

5

a habeas proceeding, however, the Court does not simply conduct a *de novo* review of the state court's application of that rule, but must review its sufficiency-of-the-evidence decision under the highly deferential standard of the AEDPA as discussed above. Yaacov can be granted habeas relief only if the Ohio court of appeals unreasonably applied the *Jackson* standard. *See, e.g., Getsy v. Mitchell*, 495 F.3d 295, 315-16 (6th Cir. 2007) (en banc) ("Whether [the petitioner] is entitled to habeas relief ultimately depends on whether the [state court]'s denial was based on an unreasonable application of clearly established federal law regarding the sufficiency of the evidence."). This court must "determine whether it was objectively unreasonable for the [state court] to conclude that a rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found that [Yaacov] committed the essential element of [the crimes charged] beyond a reasonable doubt." *See Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007).

In the first instance, as noted by the Magistrate Judge, this Court notes that the Ohio court of appeals based its ruling on Ohio, and not federal, law. The case law upon which that court relied, however, followed the sufficiency of the evidence standard as set forth in *Jackson. See State v. Jenks*, 61 Ohio St. 3d 259 (Ohio 1991) ("The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.).

In this case, the decision of the Ohio court of appeals is not contrary to, nor does it involve an unreasonable application of, clearly established federal precedent. As noted by the Ohio court of appeals, "[the victim's] testimony revealed a pattern of abuse that lasted thirty-three months and took place either in the home or one of Yaacov's motor vehicles." *State v.*

*Yaacov*, 2006 Ohio App. LEXIS 5313 at *P44. The victim was able to "vividly describe many instances of sexual abuse." *Id.* The victim's sister, after being asked by the prosecutor, "what about your sister [Y.C.], how many times would you say she went out to the 18 wheeler with him in the middle of the night?" replied, "too many to count." *Id.* Expert testimony indicated that Yaacov's sperm was found on a blanket in his truck. *Id.* The victim testified that she kept a diary in her bedroom in which she described the details of Yaacov's abuse. *Id.* The police were unable to locate the diary when they executed a search warrant upon Yaacov's home. *Id.* Yaacov denied ever having seen the diary, but admitted that "he had cleared out [the victim's] room [where the diary was kept] the day after she left." *Id.*

Yaacov relies primarily on *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005), for the proposition that "the prosecution failed to present evidence sufficient to sustain the convictions for one-hundred and twenty-two counts of sexual abuse." (Doc. No. 34 at p. 20.) In *Valentine*, the petitioner was convicted of 40 counts of sexual abuse: 20 counts each of rape and felonious sexual penetration. The Sixth Circuit granted habeas corpus relief, concluding that the convictions violated the petitioner's due process rights because the prosecution failed to make any factual distinctions among the forty counts, permitting the petitioner to be "prosecuted and convicted for a generic pattern of abuse rather than for forty separate abusive incidents." *Id*. at 634. As the state appellate court held, *Valentine* is distinguishable from this case:

> In the instant case, [the victim] was able to recall when, where, and how the abuse occurred. Although she was not able to give specific dates, partly because her diary was missing, she was able to put each incident in a time frame by detailing where it happened, which house they were living in, where she was working when certain incidents occurred, and who employed Yaacov at the various times she was molested. Moreover, and unlike the situations in *Valentine* and *Hemphill*, other evidence was presented to substantiate [the victim's] claims. [The victim's sister] testified that her father often passed through her room late at night to gain access to [the victim's] room in the attic, and that he and [the victim] would leave

7

> the house together. [The victim's sister] also testified that she knew of her sister's diary and was able to describe it with particularity.

*State v. Yaacov*, 2006 Ohio App. LEXIS 5313 at *P21.

Viewing this evidence in a light most favorable to the prosecution, the Ohio court of appeals found that a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. Under AEDPA, this Court does not substitute its own judgment for that of the state court, but rather reviews the state court's decision to determine if it was either contrary to, or an unreasonable application of, clearly established federal law. Here, the Ohio court of appeals applied the proper standard and its rejection of Yaacov's sufficiency of the evidence claim was neither contrary to, nor an unreasonable application of, clearly established federal law as set forth in *Jackson*.

Therefore, the Court **OVERRULES** Yaacov's objection to the Magistrate Judge's report and recommendation as to his third asserted ground for relief.

B.     **Ground Two – Ineffective Assistance of Counsel**

Yaacov next objects to the Magistrate Judge's recommendation to deny his petition for habeas relief based upon his second asserted ground for relief, which states he was denied the effective assistance of trial counsel. Proving ineffective assistance of counsel "is a high burden for a petitioner to satisfy, [and] it is even higher for a petitioner proceeding under the AEDPA." *Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006). In order to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two prong test as set forth in *Strickland v. Washington,* 466 U.S. 668, 687 (1984). *Strickland* requires that a petitioner both "show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." A showing of deficient performance requires the petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant

8

by the Sixth Amendment." *Id.* To show prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If either prong of *Strickland* is not present, the petition for relief based upon ineffective assistance of counsel fails. *Id*. at 687.

In determining whether counsel's performance was deficient, a court looks to whether the performance was below an objective standard of reasonableness for an attorney. *Strickland,* 466 U.S. at 688. A court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

"To prevail on the merits of a habeas claim of ineffective assistance of counsel 'it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner.'" *Zimmerman v. Cason,* Case No. 07-1133, Slip Copy, 2009 WL 3878523 at *3 (6th Cir. 2009) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)). In this case, the state appellate court properly identified the *Strickland* test. *State v. Yaacov*, 2006 Ohio App. LEXIS 5313 at *P27. Applying the proper standard, that court found that Yaacov's claim failed the *Strickland* test. *Id.* Nothing in the state court's analysis indicates an objectively unreasonable application of the *Strickland* standard to the facts of this case.

Yaacov argues his counsel's failure to file a motion for a more specific bill of particulars, to file a motion to dismiss the indictment on specificity grounds, and failure to file a notice of alibi and present alibi witnesses constitutes ineffective assistance. The Ohio court of appeals addressed Yaacov's claims as follows:

9

> The decision to call or forego calling witnesses is a tactical decision which is within reasonable trial strategy. *State v. Edwards* (1997), 119 Ohio App.3d 106, 110, 694 N.E.2d 534; *State v. Wilson* (Apr. 23, 1998), Cuyahoga App. No. 71758, 1998 Ohio App. LEXIS 1728. Likewise, the decision regarding which defense to pursue is a tactical decision, and appellate courts will not second-guess what may be tactical decisions by counsel. *State v. Mitchell* (Feb. 24, 1998), Cuyahoga App. No. 70821, 1998 Ohio App. LEXIS 860; *State v. Evans*, Cuyahoga App. No. 85396, 2005 Ohio 3847. Although Yaacov suggests that calling witnesses to testify that he was "never home" could have provided exculpatory evidence, he fails to reveal what testimony would have been offered. Moreover, Mesha Yaacov, Mesha's mother, and Yaacov himself testified regarding his busy work schedule. Merely asserting that additional witnesses' testimony would have affected the outcome of the trial is insufficient to satisfy Yaacov's burden of proving that his trial counsel was ineffective.
>
> We also find that counsel's failure to object to the indictment or bill of particulars did not render her representation ineffective. Yaacov claims that, had counsel obtained more specific information as to when the offenses occurred, counsel could have shown that Yaacov was working and away from home during the relevant times, and the failure to do so prevented him from adequately preparing his case. Again, we note that Yaacov did not establish an alibi defense, and his attorney's choice of defense is a tactical decision. Yaacov's speculation as to what may have occurred if counsel had objected to the bill of particulars does not sufficiently demonstrate ineffective assistance of counsel. See *State v. Shadoan*, Adams App. No. 03CA764, 2004 Ohio 1756. Moreover, because we find the indictment has the requisite specificity, we cannot fault counsel's performance.
>
> We conclude that Yaacov has failed to satisfy either prong of the test for ineffective assistance of counsel; therefore, his second assignment of error lacks merit and is overruled.

*State v. Yaacov*, 2006 Ohio App. LEXIS 5313 at *31-32. As the state court noted, Yaacov's defense as presented at trial was not premised upon an alibi. Instead, Yaacov testified that the victim was a discipline problem and had a motive to lie, and denied ever touching the victim inappropriately:

> Q: Mr. Yaacov, have you ever touched your daughter in a sexual way?
>
> A: No. I wouldn't do nothing like that.

(Doc. No. 9-21, Tr. at p. 1591.) While Yaacov now claims his "entire defense was premised that he was working as an over-the-road trucker during the time period of the alleged abuse and could

10

not have possibly committed the crimes charged," his theory of the case as presented at trial was *not* that he had an alibi that proved he could not have committed the specific instances of rape and gross sexual imposition for which he was convicted. (Doc. No. 34 at p. 17.) At trial, Yaacov's defense was that he *never* committed *any* of the acts and that the victim was a liar. As the state court found, this choice of defense was a reasonable tactical decision, and one that, if it had been believed by the jury, would have provided a complete defense to the crimes charged. Given Yaacov's chosen defense, his attorney's choice not to object to the indictment or the bill of particulars is eminently reasonable, as specific information and details as to each instance of the alleged abuse would reasonably make it more difficult to discredit the victim. Moreover, the "alibi" witnesses that Yaacov refers to would not, even according to Yaacov, have testified that Yaacov was *never* home during the thirty-three month period of alleged abuse. Therefore, their testimony would not have, contrary to Yaacov's contention, proven he "could not have possibly committed the crimes charged." (*Id*. at p. 17.)

The state court found that this choice of defense was a reasonable tactical decision, and, as such counsel's performance was not "deficient" under *Strickland*. This Court agrees, and Yaacov has not met his burden "to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner.'" *See Zimmerman, supra*.

Therefore, the Court **OVERRULES**  Yaacov's objection to the Magistrate Judge's report and recommendation as to his second asserted ground for relief.

C.     **Ground One – Due Process Violation Based Upon Defect in Indictment**

Yaacov's first asserted ground for relief alleges a due process violation because the indictment offenses were not charged with sufficient specificity. The Magistrate Judge recommends that this ground was procedurally defaulted because Yaacov failed to satisfy the

11

requirement that a petitioner must have completely exhausted his available state remedies prior to obtaining federal habeas relief. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The Magistrate Judge also found that Yaacov failed to demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Buell v. Mitchell,* 274 F.3d 337, 348 (6th Cir. 2001). The Court agrees.

In the first instance, and as Yaacov appears to recognize, it is beyond dispute that he procedurally defaulted his first ground of relief by failing to object to the indictment before trial. To determine whether a petitioner has procedurally defaulted a claim for the purpose of federal habeas review, a federal court must consider: (1) whether there is a procedural rule applicable to the petitioner's claim and whether the petitioner failed to follow this rule; (2) whether the state courts actually enforced the state procedural rule; and (3) whether the state procedural rule is an adequate and independent state ground to foreclose relief. *Monzo v. Edwards*, 281 F.3d 568, 575-76 (6th Cir. 2002). "Ohio employs a contemporaneous-objection rule, under which an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *Shafer v. Wilson*, No. 07-3284, 2010 U.S. App. LEXIS 2452 at *13-14 (6th Cir. Feb. 4, 2010). Sixth Circuit case law makes clear that "Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal habeas review and that the application of plain error review constitutes enforcement of the rule." *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *see also Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).

12

In this case, the state appellate court found that "Yaacov failed to object to the form of the indictment before trial as required by Crim.R. 12(C). Therefore, he has waived any objection, and must show plain error to overcome the waiver." *State v. Yaacov*, 2006 Ohio 5321 at *P14. Moreover, after review, that court "[found] no plain error in the instant case." *Id.* The Magistrate Judge thus properly concluded that Yaacov had procedurally defaulted his first asserted ground for relief.

The Magistrate Judge next evaluated whether Yaacov could invoke either of the scenarios discussed in *Buell, supra,* to excuse his procedural default such that federal habeas review would not be barred. The Magistrate Judge only evaluated the "actual innocence" exception, finding that Yaacov had not "argue[d] the existence of 'cause' to overcome the procedural default." (Doc. No. 35 at p. 11.) In his objection, Yaacov does not object to the Magistrate Judge's treatment of the "actual innocence" exception, but insists that the "'cause' for the procedural default is set forth by virtue of his second ground for relief (ineffective assistance of counsel)." (Doc. No. 38 at p. 4.) "Ineffective assistance of counsel that surpasses the constitutional threshold may be cause for a procedural default, but attorney error that falls short of this high standard is not cause." *Warlick v. Romanowski*, No. 09-1199, 2010 U.S. App. LEXIS 4425 (6th Cir. Mar. 3, 2010). *See also Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) ("Attorney error that amounts to ineffective assistance of counsel can constitute "cause" under the cause and prejudice test.").

In this case, as discussed above, Yaacov's ineffective assistance of trial counsel claim fails. Therefore, to the extent Yaacov did argue that ineffective assistance of counsel constituted "cause" so as to excuse the procedural default of his first asserted ground for relief,

13

this argument must fail, as it is inexorably tied to the fate of the ineffective assistance of counsel claim.

Therefore, the Court **OVERRULES** Yaacov's objection to the Magistrate Judge's report and recommendation as to his first asserted ground for relief.

D.     **Ground Four – Sufficiency of the Evidence as to Sexual Predator Designation**

The Magistrate Judge recommends denial as to this ground. Yaacov does not object, and indeed in his objection, "withdraws this claim from habeas review." (Doc. No. 38 at p. 10.) Accordingly, this Court **ACCEPTS** the Magistrate Judge's recommendation that Yaacov's fourth asserted ground for relief be denied.

IV.    **CONCLUSION**

For all of the foregoing reasons, Yaacov's objections to the Magistrate Judge's R&R are **OVERRULED.** The Magistrate Judge's R&R (Doc. No. 35) is **ACCEPTED**, and the petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**. This Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from the decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). This action is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: April 30, 2010

                                                  **HONORABLE SARA LIOI**
                                                  **UNITED STATES DISTRICT JUDGE**